UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BILL APPEL,

        Plaintiff,

  v.

ANDREW M. SAUL,

        Defendant.

Case No. 20-cv-1472-pp

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)**

    The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

    To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

    Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff is not employed, he is not married, and he has no dependents he is responsible for supporting. Dkt. No. 3 at 1. The plaintiff's lists monthly income of $856 in disability, id. at 2, and $36 in food share, id. at 3. The plaintiff owns a 2006 Chevy Trail Blazer worth approximately $2,500; he does not own his home or any other property

1

of value; and he has $5.00 in cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff has provided an exhaustive list of his monthly expenses, including $246 rent, $81 car and life insurance, $280 groceries, $35 phone and internet, $120 gas, $50 car upkeep (the plaintiff's car "needs new pads, brake fluid, oil" and "needs power steering hose fixed"). Id. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that he was denied benefits by the Commissioner of Social Security, that he is disabled, and that the conclusions and findings of fact by the Commissioner when denying benefits are not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 1. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in

fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 23rd day of September, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**